AARON COLBY (State Bar No. 247339)
 aaroncolby@dwt.com
EVELYN WANG (State Bar No. 273622)
 evelynwang@dwt.com
PAUL RODRIGUEZ (State Bar No. 307139)
 paulrodriguez@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
RMJV, LP, dba FRESH CREATIVE FOODS

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO AMADOR, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RMJV, LP, an unknown business entity doing business as FRESH CREATIVE FOODS; and DOES 1 through 100, INCLUSIVE,<br><br>Defendants. | Case No. **'18CV2351 JM   KSC**<br><br>**DEFENDANT RMJV, LP'S NOTICE OF REMOVAL**<br><br>**[CAFA JURISDICTION]**<br><br>Filed concurrently with Declaration of Evelyn Wang; Declaration of Patricia Duenas Padilla; Notice of Party With Financial Interest; Defendant's Corporate Disclosure Statement; and Civil Cover Sheet<br><br>State Action Filed: September 7, 2018 |

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

PROCEDURAL BACKGROUND .......................................................................... 1

REMOVAL IS TIMELY ...................................................................................... 2

PLAINTIFF'S COMPLAINT IS SUBJECT TO REMOVAL UNDER CAFA ........ 2

      A.    There Are Over 100 Class Members in the Proposed Class ...... 3

      B.    The Diversity Of Citizenship Requirement Is Satisfied ............ 4

      C.    The Requisite $5 Million Amount In Controversy Is
            Satisfied ................................................................................... 5

            a.    Unpaid Meal and Rest Period Premiums ........................ 6

            b.    Overtime ....................................................................... 10

            c.    Failure to pay all hours worked / minimum wages ....... 11

            d.    Waiting Time Penalties ................................................. 13

            e.    Wage Statements ........................................................... 14

            f.    Attorneys' Fees ............................................................. 16

            g.    Summary of Amount in Controversy ............................ 17

THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446 ARE
SATISFIED .................................................................................................... 18

CONCLUSION .................................................................................................. 19

D<small>EFENDANT'S</small> N<small>OTICE OF</small> R<small>EMOVAL</small>
4851-1510-9496v.5 0099582-000002

i

D<small>AVIS</small> W<small>RIGHT</small> T<small>REMAINE</small> LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**Cases**

*Bryant v. NCR Corp.*,
  284 F. Supp. 3d 1147, 1151–52 (S.D. Cal. 2018) ....................................8

*Chavez v. JPMorgan Chase & Co.*,
  888 F.3d 413 (9th Cir. 2018) ...................................................................16

*Coleman v. Estes Express Lines, Inc.*
  730 F. Supp. 2d 1141 (C.D. Cal. 2010) ....................................................8

*Espinosa v. Cal. Coll. of San Diego, Inc.*,
  No. 17-cv-744-MMA (BLM), 2018 U.S. Dist. LEXIS 60106 (S.D.
  Cal. April 9, 2018) ....................................................................................16

*Galt G/S v. JSS Scandinavia*
  142 F.3d 1150 (9th Cir. 1998) ..................................................................16

*Giannini v. Northwestern Mut. Life Ins. Co.*,
  No. C 12-77 CS, 2012 WL 1535196 (N.D. Cal. April 30, 2012) ...........16

*Guglielmino v. McKee Foods Corp.*,
  506 F.3d 696 (9th Cir. 2007) ....................................................................15

*Hanlon v. Center for Auto Safety*,
  150 F.3d 1011 (9th Cir. 1998) ..................................................................16

*Helm v. Alderwoods Group, Inc.*,
  No. C 08-01184 SI, 2008 WL 2002511 (N.D. Cal. May 7, 2008) .............7

*Hertz Corp. v. Friend*,
  559 U.S. 77 (2010) ...............................................................................4, 5

*Hull v. Mars Petcare US, Inc.*,
  No. EDCV181021PSGKKX, 2018 WL 3583051 (C.D. Cal. July 25,
  2018) ...........................................................................................................9

*Jasso v. Money Mart Express, Inc.*,
  No. 11-CV-5500 YGR, 2012 WL 699465 (N.D. Cal. March 1,
  2012) .........................................................................................................16

*Kanter v. Warner-Lambert Co.*,
   265 F.3d 853 (9th Cir. 2001) ................................................................. 4

*Kantor v. Wellesley Galleries, Ltd.*,
   704 F.2d 1088 (9th Cir. 1983) ............................................................... 3

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
   199 F. Supp. 2d 993 (C.D. Cal. 2002) ................................................... 6

*Korn v. Polo Ralph Lauren Corp.*,
   536 F. Supp. 2d 1199 (E.D. Cal. 2008) ............................................... 15

*Long v. Destination Maternity Corp.*,
   No. 15CV2836-WQH-RBB, 2016 WL 1604968 (S.D. Cal. Apr. 21,
   2016) ............................................................................................. 11, 13

*Marlo v. United Parcel Service, Inc.*,
   No. CV 03-04336 DDP (RZX), 2009 WL 1258491 (C.D. Cal. May
   5, 2009) .................................................................................................. 7

*Marquez v. Toll Glob. Forwarding (USA) Inc.*,
   No. 2:18-CV-03054-ODW ASX, 2018 WL 3046965 (C.D. Cal.
   June 19, 2018) ........................................................................................ 9

*Mejia v. DHL Express (USA), Inc.*,
   No. CV 15-890-GHK JCX, 2015 WL 2452755 (C.D. Cal. May 21,
   2015) ................................................................................................ 8, 15

*Muniz v. Pilot Travel Ctr. LLC*,
   No. CIV-07-0325 FCD EFB, 2007 WL 1302504 (E.D. Cal. May 1,
   2007) ...................................................................................................... 7

*Oda v. Gucci Am., Inc.*,
   No. 2:14-CV-07469-SVW, 2015 WL 93335 (C.D. Cal. Jan. 7,
   2015) ...................................................................................................... 9

*Quintana v. Claire's Stores, Inc.*,
   No. 13-0368-PSG, 2013 WL 1736671 (N.D. Cal. April 22, 2013) ..................... 13

*Reyes v. Carehouse Healthcare Center, LLC*,
   No. SACV 16-01159-CJC(MRWX), 2017 WL 2869499 (C.D. Cal.
   July 5, 2017) ......................................................................................... 11

iii

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Soto v. Greif Packaging, LLC*,
 No. SACV 17-2104 JVS(JDEX), 2018 WL 1224425 (C.D. Cal.
 Mar. 8, 2018) ........................................................................................ 11, 12

*Stafford v. Dollar Tree Stores, Inc.*,
 No. 2:13-CV-01187-KJM, 2014 WL 1330675 (E.D. Cal. Mar. 28,
 2014) ............................................................................................................. 9

*Stevenson v. Dollar Tree Stores, Inc.*,
 No. CIV S-11-1433 KJM, 2011 WL 4928753 (E.D. Cal. Oct. 17,
 2011) ..................................................................................................... 9, 12, 13

*Tajonar v. Echosphere, L.L.C.*,
 No. 14CV2732-LAB RBB, 2015 WL 4064642 (S.D. Cal. July 2,
 2015) ............................................................................................................. 8

*Velazquez v. Int'l Marine & Indus. Applicators, LLC*,
 No. 16-cv-494-MMA (NLS), 2018 U.S. Dist. LEXIS 21884 (S.D.
 Cal. Feb. 9, 2018) ........................................................................................ 16

**Statutes**

28 U.S.C.
 § 1332(c) ....................................................................................................... 4
 § 1332(c)(1) .................................................................................................. 4
 § 1332(d) ................................................................................................. 5, 18
 § 1332(d) ....................................................................................................... 1
 § 1332(d)(2) .................................................................................................. 5
 § 1332(d)(2) .................................................................................................. 3
 § 1332(d)(2)(A) ............................................................................................ 5
 § 1332(d)(5) .................................................................................................. 3
 § 1332(d)(5)(B) ............................................................................................ 3
 § 1332(d)(6) .................................................................................................. 5
 § 1441 ........................................................................................................... 2
 § 1441(a) ................................................................................................. 5, 18
 § 1441(b)(1) .................................................................................................. 5
 § 1446 ......................................................................................................... 18
 § 1446 ........................................................................................................... 2
 § 1446 ........................................................................................................... 1
 § 1446(a) ..................................................................................................... 18
 § 1446(b) ....................................................................................................... 2
 § 1446(d) ..................................................................................................... 18
 § 1453 ........................................................................................................... 1

iv

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

§ 1453 ............................................................................................................ 2
§ 1453(a) ....................................................................................................... 3

Cal. Bus. & Prof. Code § 17208 ........................................................................ 7

Cal. Civ. Proc. Code § 338(a) ......................................................................... 13

Cal. Code Civ. Proc. § 340(a) ......................................................................... 15

Cal. Lab. Code
§ 203 ........................................................................................................... 13
§ 226 ........................................................................................................... 14
§ 226(a) ....................................................................................................... 14
§ 226(e) ................................................................................................. 14, 15
§ 1194, subd. (a) ......................................................................................... 10

**Rules**

Federal Rule of Civil Procedure 7.1 ................................................................ 18

Local Civil Rule 40.2 ...................................................................................... 18

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant RMJV, LP, dba Fresh Creative Foods ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California under the Class Action Fairness Act ("CAFA"), pursuant to 28 U.S.C. §§ 1332(d), 1446 and 1453, on the grounds that: (1) Plaintiff Alejandro Amador ("Plaintiff") is a "citizen of a State different from" Defendant; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs;" and (3) "the number of members of all proposed plaintiff classes in the aggregate is" more than 100.

## PROCEDURAL BACKGROUND

1.      On September 7, 2018, Plaintiff commenced a class action against Defendant in the Superior Court of the State of California for the County of San Diego, entitled "ALEJANDRO AMADOR, individually, and on behalf of other members of the general public similarly situated; Plaintiff v. RMJV, LP, an unknown business entity doing business as FRESH CREATIVE FOODS; and DOES 1 through 100, inclusive; Defendants," Case No. 37-2018-00045893-CU-OE-NC (the "Complaint").

2.      On September 12, 2018, Plaintiff served Defendant's agent for service of process, CT Corporation System, with the following documents: Complaint; Civil Case Cover Sheet; Summons; Notice of Case Assignment; and Alternative Dispute Resolution (ADR) Information.  A true and correct copy of the Complaint is attached hereto as "**Exhibit A**." True and correct copies of the remaining documents served on Defendant's agent for service of process are attached hereto as "**Exhibit B**."

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

3.     On October 9, 2018, Defendant filed its Answer to Plaintiff's Complaint, a true and correct copy of which is attached hereto as "**Exhibit C**."

4.     Plaintiff defines the class as "All current and former California-based (i.e., currently "residing" in California with the intent to remain in California indefinitely) hourly-paid or non-exempt employees (either directly or through a staffing agency or labor contractor) employed by Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment." (the "Class"; *see* Complaint, ¶ 12.)

5.     Plaintiff alleges the following causes of action against Defendants on behalf of himself and the Class: (1) Unpaid Overtime ("Violation of California Labor Code §§ 510 and 1198"); (2) Unpaid Meal Period Premiums ("Violation of California Labor Code §§ 226.7 and 512(a)"); (3) Unpaid Rest Period Premiums ("Violation of California Labor Code § 226.7"); (4) Unpaid Minimum Wages ("Violation of California Labor Code §§ 1194 and 1197"); (5) Final Wages Not Timely Paid ("Violation of California Labor Code §§ 201 and 202"); (6) Non-Compliant Wage Statements ("Violation of California Labor Code § 226(a)"); and (7) Unlawful Business Practices ("Violation of California Business & Professions Code §§ 17200, *et seq.*").

## REMOVAL IS TIMELY

6.     This Notice of Removal is filed within thirty (30) days from September 12, 2018, when service on Defendant was completed. No previous Notice of Removal has been filed or made with this Court for the relief sought. This Notice of Removal is therefore filed within the time provided by 28 U.S.C. § 1446(b).

## PLAINTIFF'S COMPLAINT IS SUBJECT TO REMOVAL UNDER CAFA

7.     The court has original jurisdiction over this action pursuant to CAFA. As such, this action may be removed to this court by Defendant pursuant to 28 U.S.C. §§ 1441, 1446 and 1453.

8.     Under CAFA, the federal district court has jurisdiction if:

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

a)   There are at least 100 class members in all proposed plaintiff classes;

b)   Any class member (named or not) is a citizen of a different state than any defendant; and

c)   The combined claims of all class members exceed $5 million exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B) and 1453(a).

## A.    There Are Over 100 Class Members in the Proposed Class

9.    CAFA provides that the district courts shall not have jurisdiction over actions where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5).

10.    Here, Plaintiff purports to bring this action on behalf of all "All current and former California-based (i.e., currently "residing" in California with the intent to remain in California indefinitely) hourly-paid or non-exempt employees (either directly or through a staffing agency or labor contractor) employed by Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment." (Complaint, ¶ 12.)

11.    Plaintiff further alleges that "the class members are so numerous that joinder of all class members is impracticable" and that "the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendant's employment records." (Complaint ¶ 14.)

12.    Based upon Defendant's employment records, the putative class includes approximately 687 non-exempt, hourly employees who are or were employed by Defendant in California between September 7, 2014 and October 3, 2018.  (Declaration of Patricia Duenas Padilla ("Duenas Decl"), ¶ 9.)  Thus, the numerosity requirement under CAFA has been met.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## B.    The Diversity Of Citizenship Requirement Is Satisfied

1.    **Plaintiff is A Citizen of California**.  A person is a "citizen" of the state in which he is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is the place he resides with the intention to remain or to which he intends to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Plaintiff "is an individual residing in the State of California, County of San Diego."  (Complaint ¶ 5.)  Plaintiff worked for Defendant "from approximately May 2012 to approximately 2016, in the State of California." (Complaint ¶¶ 16-17.)  Plaintiff's personnel and payroll records indicate that Plaintiff was hired and only worked in California, the job application he submitted to Defendant contained a California address, and he always provided Defendant a California address for purposes of processing his payroll and as part of his contact information.  (Duenas Decl. ¶ 5.)

13.    Therefore, Plaintiff resided in California at the time the action was commenced and intended to remain there.  Plaintiff is and, at all times since the commencement of this action has been, a resident and citizen of California.

14.    **Defendant is a Citizen of Delaware and Oregon**.  Defendant RMJV, LP, doing business as Fresh Creative Foods, is and was at the time of filing of the action a citizen of Delaware and Oregon within the meaning of 28 U.S.C. § 1332(c)(1).

15.    At the time of the filing of this action, Defendant was, and still is, a corporation organized under the laws of the State of Delaware.  (Duenas Decl., ¶ 2.)

16.    Pursuant to 28 U.S.C. § 1332(c), a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business.  The Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).  The Court held that the "'principal place of business' [as set forth in section 1332(c)] is best read as

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id*. at 92-93.  The Court further clarified that the principal place of business is the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination." *Id*. at 93.

17.    Defendant's executive officers maintain their offices at its headquarters in Beaverton, Oregon where they direct, control and coordinate Defendant's activities.  (Duenas Decl., ¶ 3.)  Defendant's high-level corporate officers, such as the Chief Executive Officer, Chief Financial Officer and Treasurer, Vice President, Quality and Regulatory Affairs, Executive Vice President of Sale and Marketing, Vice President of Logistics, and Vice President of Operations, have their offices located at the corporate headquarters in Beaverton, Oregon.  (*Id.*)  These high-level corporate officers located in Beaverton, Oregon are responsible for the direction, control and coordination of the activities covered by their respective offices.  (*Id.*)

18.    **The Citizenship of "Doe Defendants" Must Be Disregarded.**
The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal.  28 U.S.C. § 1441(a).

19.    The minimal diversity requirement of 28 U.S.C. § 1332(d) is met in this action because the citizenship of at least one putative class member is diverse from the citizenship of at least one defendant. 28 U.S.C. § 1332(d)(2)(A).  Plaintiff, a putative class member, is a citizen of California. (Complaint, ¶¶ 4-5, 16-17; Duenas Decl., ¶ 5.) Defendant is a citizen of Delaware and Oregon. (Duenas Decl., ¶ 2-3.)  The citizenship of "Doe" defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1). Therefore, the requisite minimal diversity exists between the parties.

**C.    The Requisite $5 Million Amount In Controversy Is Satisfied**

20.    CAFA requires that the amount in controversy exceed $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).  Under CAFA, the claims of

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.  28 U.S.C. § 1332(d)(6).  In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for Plaintiff on all claims made in the complaint.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).

21.    Based on the allegations in the Complaint, the alleged aggregate amount in controversy exceeds $5,000,000, as demonstrated below.

### a.    Unpaid Meal and Rest Period Premiums

22.    Plaintiff alleges that Defendant "engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California."  (Complaint ¶ 24.)  Plaintiff alleges that as part of this "scheme[,] . . . Defendants failed to provide Plaintiff and other class members the required rest and meal periods during the relevant time period" and failed to pay requisite premiums for missed meal and rest breaks.  (Complaint ¶¶ 24, 26-28.)

23.    Plaintiff and the putative class members generally worked at least five (5) workdays per week.  (*See* Complaint ¶ 23; Duenas Decl., ¶ 12.)  During peak seasons, it was not uncommon for employees to work six or sometimes seven days per week.  (Duenas Decl., ¶ 12.)

24.    Plaintiff's Complaint does not contain descriptive allegations regarding how or why Defendant failed to provide meal and rest breaks and premiums. Instead, Plaintiff's Complaint repeatedly emphasizes the vague claim that class members were "required" to  miss meal and rest breaks because it was Defendant's willful "pattern and practice" to not provide breaks or pay for premiums. (*See*, *e.g.*, Complaint ¶¶ 56-59, 66-68.)  For example, Plaintiff alleges, "As a pattern and practice, during the relevant time period set forth herein, Defendants failed to

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

provide the requisite uninterrupted and timely meal and rest periods to Plaintiff and other class members." (Complaint ¶ 35.)[1]

25.     Under California law, employees who are denied the opportunity to take proper meal and rest periods are entitled to one hour of premium pay for each day that a meal period is missed and one hour of premium pay for each day that a rest period is missed, *i.e.*, two hours of premium pay for each day that both a meal and rest period are missed. *See Marlo v. United Parcel Service, Inc.*, No. CV 03-04336 DDP (RZX), 2009 WL 1258491, at *7 (C.D. Cal. May 5, 2009). As a matter of law, meal and rest period claims are properly considered in determining the amount in controversy. *See, e.g., Muniz v. Pilot Travel Ctr. LLC*, No. CIV-07-0325 FCD EFB, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007); *Helm v. Alderwoods Group, Inc.*, No. C 08-01184 SI, 2008 WL 2002511, at *8 (N.D. Cal. May 7, 2008).

26.     Plaintiff alleges that the failure to provide meal and rest periods constitutes unfair competition within the meaning of Business and Professions Code Section 17200. (Complaint ¶ 92, Prayer ¶ 39.) The statute of limitations for such a claim is four years. Cal. Bus. & Prof. Code § 17208. Accordingly, the measure of potential damages for meal and rest break claims is based on a four-year limitations period.

---

[1] *See also* Complaint ¶ 56 ("As a pattern and practice, during the relevant time period [], Plaintiff and other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or without a rest period"); Complaint ¶ 57 ("As a pattern and practice, during the relevant time period set forth herein, Plaintiff and other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or without a rest period."); Complaint ¶ 58 ("As a pattern and practice, during the relevant time period set forth herein, Defendants intentionally and willfully required Plaintiff and other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for work performed during meal periods."); *see also* Complaint ¶¶ 66-68 (analogous "pattern and practice" allegations that employees were "required" to miss rest periods).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

27.    In analyzing the amount in controversy where, as here, Plaintiff vaguely alleges a uniform policy, pattern, or practice requiring missed breaks, it is reasonable to assign a 100% violation rate. *See, e.g.*, *Muniz v. Pilot Travel Centers, LLC*, 2007 WL 1302504, at *4 ("Plaintiff alleges no facts specific to the circumstances of her or the class members' allegedly missed meal and/or rest periods . . . .  Allegedly, plaintiff and class members [] were 'not always provided lawful meal [or rest] periods' . . .  As these allegations reveal, plaintiff includes no fact-specific allegations that would result in a [] violation rate that is discernibly smaller than 100%, used by defendant in its calculations"); *Coleman v. Estes Express Lines, Inc.* 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010) (100% violation rate reasonable where plaintiff alleged class members were required to work without rest breaks, and "complaint does not allege a more precise calculation"); *Tajonar v. Echosphere, L.L.C.*, No. 14CV2732-LAB RBB, 2015 WL 4064642, at *4 (S.D. Cal. July 2, 2015) (noting that where plaintiffs allege "company policy and/or practice and/or direction . . . required" missed meal and rest breaks, district courts have found "100% violation rate [is] proper" in similar situations) (*citing Mejia v. DHL Express (USA), Inc.*, No. CV 15-890-GHK JCX, 2015 WL 2452755, at *3 (C.D. Cal. May 21, 2015)).

28.    Although Defendant could apply a 100% violation rate, Defendant will apply a conservative violation rate of only 50% for meal periods and 25% for rest periods— *i.e.*, 2.5 missed meal periods and 2.5 missed rest breaks per five-day work week.[2]  Numerous courts have held that this conservative estimate is proper. *See, e.g.*, *Bryant v. NCR Corp.*, 284 F. Supp. 3d 1147, 1151–52 (S.D. Cal. 2018) ("Defendant assumed a 60 percent violation rate for the meal period claim and a 30 percent violation rate for the rest period claim . . . the Complaint offered no

---

[2] This estimate is especially conservative given that, as noted above in paragraph 23, it is not uncommon during the peak season for employees to work six or sometimes seven days per week, not five.  (Duenas Decl., ¶ 12.)

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

guidance as to the frequency of the alleged violations, only that Defendant had 'a policy and practice' of meal and rest period violations . . . Consequently, in its notice of removal, Defendant conservatively assumed the putative class members were not provided three of the five meal periods and three of ten rest periods they were entitled to receive each work week, even though assumption of a 100 percent violation rate may have been reasonable"); *Hull v. Mars Petcare US, Inc.*, No. EDCV181021PSGKKX, 2018 WL 3583051, at *4 (C.D. Cal. July 25, 2018) (finding "an assumption of three missed rest periods and meal periods each week" is reasonable because courts "routinely find a 60% [violation rate] assumption reasonable"); *Oda v. Gucci Am., Inc.*, No. 2:14-CV-07469-SVW, 2015 WL 93335, at *5 (C.D. Cal. Jan. 7, 2015) ("Plaintiffs' complaint asserts that Gucci 'maintained a policy or practice of not paying [meal/rest premiums],' . . . that 'the class members sometimes did not receive all of their meal periods,' [and that] 'not all rest periods were given timely [].' In light of these allegations, Gucci's assumption of a 50 percent violation rate for each type of violation is reasonable"); *Marquez v. Toll Glob. Forwarding (USA) Inc.*, No. 2:18-CV-03054-ODW ASX, 2018 WL 3046965, at *3 (C.D. Cal. June 19, 2018) ("The Court finds a 50% violation rate to be reasonable"); *Stevenson v. Dollar Tree Stores, Inc.*, No. CIV S-11-1433 KJM, 2011 WL 4928753, at *4 (E.D. Cal. Oct. 17, 2011) (50% violation rate reasonable); *Stafford v. Dollar Tree Stores, Inc.*, No. 2:13-CV-01187-KJM, 2014 WL 1330675, at *8 (E.D. Cal. Mar. 28, 2014) (50% violation rate for meal/rest claims reasonable where Plaintiff alleged "illegal policy and/or practice").[3]

---

[3] *See also Oda v. Gucci Am., Inc.*, No. 2:14-CV-07469-SVW, 2015 WL 93335, at *4 ("Gucci [reasonably] assumes a 50 percent violation rate for meal periods and a 50 percent violation rate for rest periods. In other words Gucci assumes that each class member experienced 2.5 meal period violations in a 5–day work week and 2.5 rest period violations in the same time period."); *Stevenson v. Dollar Tree Stores, Inc.*, 2011 WL 4928753, at *4 (Defendant reasonably "divided in half the number of earned meal periods . . . assuming that fifty (50) percent of meal periods were missed per week, and then multiplied this number by the average hourly rate, to determine that the amount in controversy.").

29.     Taking the more conservative estimate (*i.e.*, not a 100% violation rate), assuming that the putative class members only did not receive 2.5 meal periods each workweek, the amount placed in controversy by virtue of the meal period claims is no less than **$1,449,382**: $12.54 [average hourly rate during class period] x 46,232.29 [number of workweeks during the class period] x 2.5 [violation per workweek].  (*See* Duenas Decl., ¶¶ 8-9.)

30.     Taking the more conservative estimate (*i.e.*, not a 100% violation rate), assuming that the putative class members only did not receive 2.5 rest periods each workweek, the amount placed in controversy by virtue of the rest period claims is no less than $**1,449,382**: $12.54 [average hourly rate during class period] x 49,232.29 [number of workweeks during the class period] x 2.5 [violation per workweek].  (*See* Duenas Decl., ¶¶ 8-9.)

39.     Therefore, based on Plaintiff's allegations, the amount placed in controversy by virtue of his meal and rest break claims is in excess of **$2,898,764**.

### b.     Overtime

31.     Labor Code § 1194, subdivision (a) provides: "Notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation . . . ."

32.     Plaintiff alleges that "Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees," and that "as a pattern and practice, [] Defendants failed to pay overtime wages to Plaintiff and other class members for all hours worked."  (Complaint, ¶¶ 25-26, 34).  He claims that, "during the relevant time periods set forth herein, Plaintiff and other class member worked in excess of eight hours (8) in a day, and/or in excess of forty (40) hours in a week" but as a "pattern and practice, during the relevant time period set

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

forth herein, Defendants internationally and willfully failed to pay overtime wages owed to Plaintiff and other class members." (Complaint, ¶¶ 47-48.)

33.     Defendant denies that it failed to pay any overtime wages to the putative class members.  However, because Plaintiff alleges that Defendant "intentionally and willfully" failed to pay overtime wages as a "pattern and practice" throughout the class period, the court should apply to the amount in controversy requirement a conservative assumption of one hour of unpaid overtime wages during each workweek.  *See, e.g., Long v. Destination Maternity Corp.,* No. 15CV2836-WQH-RBB, 2016 WL 1604968, at *7 (S.D. Cal. Apr. 21, 2016) ("Defendant estimates one hour of unpaid overtime per putative class member per week.  Defendant's estimates are reasonable based on the allegations that Defendant engaged in a uniform policy of failing to pay overtime wages and that Defendant 'willfully failed to pay all overtime wages due to Plaintiff and the other class members'"); *Reyes v. Carehouse Healthcare Center, LLC*, No. SACV 16-01159-CJC(MRWX), 2017 WL 2869499, at *4 (C.D. Cal. July 5, 2017) (defendant's estimate of one hour of unpaid overtime wages per workweek was reasonable where plaintiff alleged that defendants engaged in a "practice of willfully, unfairly and unlawfully" depriving plaintiff and the class members of compensation); *Soto v. Greif Packaging*, LLC, No. SACV 17-2104 JVS(JDEX), 2018 WL 1224425, at *3 (C.D. Cal. Mar. 8, 2018) (finding it reasonable to assume one hour of unpaid wages per employee per workweek where plaintiff alleged that defendant failed to pay him and the class members for all hours worked).

34.     This yields a total amount in controversy in excess of **$869,629**: $18.81 [average overtime wage rate applicable during class period] x 46,232.29 [weeks worked by putative class] x 1 [one hour per workweek].  (*See* Duenas Decl.,¶¶ 8-9.)

### c.     Failure to pay all hours worked / minimum wages

35.     Plaintiff alleges that "Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees," and that "[t]his

11

DEFENDANT'S NOTICE OF REMOVAL
4851-1510-9496v.5 0099582-000002

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1   scheme involved inter alia, <u>failing to pay them for all hours worked</u>, missed meal

2   periods, and missed rest breaks in violation of California law" and failure to pay

3   overtime.  (Complaint, ¶¶ 24-25) (emphasis added.)  Plaintiff further alleges that as

4   part of Defendant's "pattern and practice" he and the class "were not receiving at

5   least minimum wages for all hours worked." (Complaint ¶¶ 29, 36; *see also*

6   Complaint ¶¶ 31-32, 84 [alleging that Defendant "intentionally and willfully" failed

7   to include all hours worked on wage statements].)  Plaintiff seeks compensation for

8   all hours worked at the minimum wage. (Complaint ¶¶ 24, 71-75.)

9       36.    Defendant denies that it failed to pay for all hours worked, and denies

10  it paid below the minimum wage to Plaintiff or the putative class members.

11  However, because Plaintiff alleges that Defendant had a "pattern and practice of . . .

12  failing to pay them for all hours worked" throughout the class period, the court

13  should apply to the amount in controversy requirement a conservative assumption

14  of one hour of unpaid wages during each workweek.  *See, e.g.*, *Soto v. Greif*

15  *Packaging*, LLC, 2018 WL 1224425, at *3 (C.D. Cal. Mar. 8, 2018) (finding it

16  reasonable to assume one hour of unpaid wages per employee per workweek where

17  plaintiff alleged that defendant failed to pay him and the class members for all hours

18  worked); *see also Stevenson v. Dollar Tree Stores, Inc.*, 2011 WL 4928753, at *2

19  ("plaintiff 'alleges that Defendant engaged in standardized policies and practices of

20  failing to pay the requisite compensation for all hours worked' . . .While this could

21  be read as only relating to missed meal periods, such a reading would be in conflict

22  with plaintiff's allegation that defendant's 'policy and practice' was failing to

23  provide proper compensation for 'lawful meal periods, and regular and overtime

24  compensation for all hours worked'").

25      37.    This yields a total amount in controversy in excess of **$579,753**: $12.54

26  [average hourly wage rate applicable during class period] x 46,232.29 [weeks

27  worked by putative class] x 1 [one hour per workweek].  (*See* Duenas Decl., ¶¶ 8-

28  9.)

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### d.   Waiting Time Penalties

38.   As detailed above, Plaintiff alleges that the putative class suffered a litany of wage hour violations throughout the class period.  Plaintiff alleges that, "Plaintiff and other class members were entitled to receive the wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not, in fact, receive such wages owed to them at the time of their discharge or resignation."  (Complaint, ¶ 30.)  Plaintiff seeks penalties pursuant to California Labor Code § 203 for all putative class members who were terminated or resigned equal to their daily wage times thirty (30) days. (Complaint, ¶¶ 80-81, Prayer for Relief, ¶ 31). The statute of limitations for penalties under California Labor Code § 203 is three years. *See* Cal. Civ. Proc. Code § 338(a).

39.   The total number of putative class members who stopped working for Defendant between September 7, 2015 and October 3, 2018 is 341. (Duenas Decl., ¶ 10.)

40.   Based on the allegations of the Complaint, any putative class member who stopped working for Defendant during the relevant time period is entitled to 30 days' continuation of wages as a penalty under California Labor Code section 203. *Quintana v. Claire's Stores, Inc.*, No. 13-0368-PSG, 2013 WL 1736671, at *4-6 (N.D. Cal. April 22, 2013) ("As to the waiting time claims, the court finds that Defendants' calculations" of thirty-days of waiting time penalties for each putative class member terminated during the statute of limitations "are supported by Plaintiffs' allegations and are a reasonable estimate of the potential value of the claims"); *Stevenson v. Dollar Tree Stores, Inc.*, 2011 WL 4928753, at *4 ("Defendant was reasonable in estimating, based on plaintiff's allegations, that all members of the proposed class [] would have missed a meal period as described in the complaint at least once and were thus entitled to the waiting time penalty"); *Long v. Destination Maternity Corp.*, No. 15CV2836-WQH-RBB, 2016 WL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1604968, at *9 (S.D. Cal. Apr. 21, 2016) ("Because the Court has found that it is reasonable to assume [for amount in controversy calculation] that all putative class members have not been paid all of their overtime and meal and rest break wages, it is reasonable to assume that all class members would have had those unpaid wages withheld after their employment ended and still not paid up to the maximum thirty-day period.").

41.    Plaintiff claims that "Plaintiff and other class members worked *over* eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants." (Complaint, ¶ 23) (emphasis added.)  Accordingly, Defendant should properly apply an *over* 8-hour shift length to the waiting time penalty claim based on the allegations in the Complaint.  However, for purposes of removal, Defendant will assume that average shifts were only eight hours long (in which case, Plaintiff and the putative class would not even be entitled to overtime) and that the average hourly rate of pay is $12.54. (Duenas Decl., ¶ 8.)

42.    Thus, according to Plaintiffs' allegations that Defendants had a pattern and practice of failing to pay all wages due at termination, Plaintiff contends that former putative class members are entitled to recover at least **$1,026,274**, calculated as follows: $12.54 [average hourly rate during class period] x 8 [8-hour work day] x 30 days [waiting time penalty] x 341 [number of putative class members who stopped working for Defendant between September 7, 2015 and October 3, 2018].  (*See* Duenas Decl. ¶¶ 8, 10.)

### e.    Wage Statements

43.    California Labor Code § 226(a) states that every employer shall furnish his or her employees an accurate itemized wage statement in writing showing nine specific categories of information.  Plaintiff alleges that Defendant "engaged in a pattern and practice of wage abuse" and that the "scheme involved, inter alia failing to pay [employees] for all hours worked, missed meal periods, [] missed rest breaks," and overtime, and as a result, Defendant "intentionally and willfully" failed

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

to provide accurate wage statements to Plaintiff and other class members in accordance with California Labor Code § 226.  (Complaint, ¶¶ 24-25, 31, 84.)

44.     California Labor Code § 226(e) provides for the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurred and one hundred dollars ($100) for each subsequent pay period, up to a maximum of $4,000 per individual.  The applicable statute of limitations is one year.  Cal. Code Civ. Proc. § 340(a).

45.     There are 320 putative class members during the applicable one-year statute of limitations.  (Duenas Decl., ¶ 11.)  Courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met.  *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205-06 (E.D. Cal. 2008); *see also Mejia v. DHL Express (USA), Inc.*, 2015 WL 2452755, at *5 ("if Defendant had a uniform policy of failing to provide rest periods, as discussed above, the wage statements that Defendant provided would necessarily have been inaccurate 100% of the time because each wage statement would have failed to include compensation for the missed rest break.")

46.     There are 5,922 pay periods worked across the 320 putative class members during the applicable one-year statute of limitations, indicating 5,922 pay stubs issued during the applicable one-year statute of limitations. (Duenas Decl., ¶ 11.)  Applying the statutory penalty under Labor Code § 226(e) of $50 for the initial pay period in which a violation occurred and $100 for each subsequent pay period, the total amount in controversy is **$576,200**, calculated as follows: (320 [initial pay periods for each of the 320 putative class members during the applicable one-year statute of limitations] * 50 [statutory penalty for initial pay period in which a violation occurred]) + (5,602 [subsequent pay periods in which a violation occurred] *100 [statutory penalty for each subsequent pay period in which a violation occurred]**.  (*See* Duenas Decl., ¶¶ 10-11.)

15

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

#### f.    Attorneys' Fees

47.    Plaintiff seeks attorneys' fees on behalf of the putative class. (Complaint at ¶¶ 50, 74, 95, Prayer for Relief at ¶¶ 8, 15, 26, 36, 42.)  Attorneys' fees are properly included in the amount in controversy.  *See, Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (statutorily-mandated attorneys' fees are properly included in the amount in controversy for CAFA jurisdiction purposes); *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018) (amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious); *Galt G/S v. JSS Scandinavia* 142 F.3d 1150, 1155-56 (9th Cir. 1998).

48.    In class action litigation, courts routinely grant attorneys' fees awards that range from 25% to 33% of the settlement or verdict amount.  *See, e.g., Hanlon v. Center for Auto Safety*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees"); *Velazquez v. Int'l Marine & Indus. Applicators, LLC*, No. 16-cv-494-MMA (NLS), 2018 U.S. Dist. LEXIS 21884 at *25-26 (S.D. Cal. Feb. 9, 2018); *Espinosa v. Cal. Coll. of San Diego, Inc.*, No. 17-cv-744-MMA (BLM), 2018 U.S. Dist. LEXIS 60106 at *26-27 (S.D. Cal. April 9, 2018) (noting "[t]he Ninth Circuit has held that 25% of the gross settlement amount is the benchmark for attorneys' fees awarded under the percentage-of-the-fund method.").

49.    Accordingly, including attorneys' fees of 25% is reasonable when calculating the amount in controversy.  *See, e.g., Giannini v. Northwestern Mut. Life Ins. Co.*, No. C 12-77 CS, 2012 WL 1535196, at *4 (N.D. Cal. April 30, 2012) (holding that defendants' inclusion of attorneys' fees to satisfy amount in controversy was reasonable where defendants "base this amount by multiplying by twenty-five percent the sum of the amounts placed in controversy by the four claims" asserted by plaintiff.); *Jasso v. Money Mart Express, Inc.*, No. 11-CV-5500

YGR, 2012 WL 699465, at *6-7 (N.D. Cal. March 1, 2012) (holding that "it was not unreasonable for [defendant] to rely on" an "assumption about the attorneys' fees recovery as a percentage of the total amount in controversy" and noting that "it is well established that the Ninth Circuit 'has established 25% of the common fund as a benchmark award for attorney fees.'")

50.    Here, 25% percent of the damages calculated above results in attorneys' fees of approximately **$1,487,655**.[4]

### g.    Summary of Amount in Controversy

51.    In light of the foregoing, Plaintiff's allegations establish an amount in controversy in excess of the jurisdictional minimum of $5 million for purposes of removal under CAFA. A conservative estimate of the amount in controversy (assuming less than a 50% violation rate for meal and rest breaks) is summarized as follows:

| **Damages** | **Amount** |
|---|---|
| Failure to provide meal and rest breaks | $2,898,764 |
| Failure to pay overtime wages | $869,629 |
| Failure to pay all hours worked | $579,753 |
| Waiting time penalties | $1,026,274 |
| Wage statements | $576,200 |
| Attorneys' Fees | $1,487,655 |
| **Total:** | **$7,438,275** |

Even assuming an *extremely* conservative estimate of the amount in controversy (assuming only two meal and rest break violations per work week) the jurisdictional minimum is still satisfied:

---

[4] ($1,449,382 + 1,449,382 + 869,629 + 579,753 + 1,026,274 + 576,200) x .25 = $1,487,655

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

| Damages | Amount |
| --- | --- |
| Failure to provide meal and rest breaks | $2,319,012 |
| Failure to pay overtime wages | $869,629 |
| Failure to pay all hours worked | $579,753 |
| Waiting time penalties | $1,026,274 |
| Wage statements | $576,200 |
| Attorneys' Fees | $1,342,717 |
| **Total:** | **$6,713,585** |

52.     Accordingly, removal of this action under CAFA is proper under 28 U.S.C. §1332(d).

**THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446 ARE SATISFIED**

53.     In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed in the District in which the action is pending.  The San Diego County Superior Court is located within the Southern District of California.  Therefore, venue is proper in this court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

54.     In accordance with 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendant are attached as Exhibits to this Notice.

55.     In accordance with 28 U.S.C. §1446(d), a copy of this Notice is being served upon counsel for Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California for the County of San Diego.  Notice of Compliance shall be filed promptly afterward with this court.

56.     As required by Federal Rule of Civil Procedure 7.1 and Local Civil Rule 40.2, Defendant concurrently filed its Notice of Party With Financial Interest.

DEFENDANT'S NOTICE OF REMOVAL
4851-1510-9496v.5 0099582-000002

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## **CONCLUSION**

For the foregoing reasons, Defendant hereby removes the above-entitled action to the United States District Court for the Southern District of California.


DATED: October 12, 2018            DAVIS WRIGHT TREMAINE LLP
                                   AARON COLBY
                                   EVELYN WANG
                                   PAUL RODRIGUEZ


                                   By: /s/ Evelyn Wang
                                                Evelyn Wang
                                   Attorneys for Defendant
                                   RMJV, LP, dba FRESH CREATIVE
                                   FOODS

19

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899