UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMADOR, individually and on behalf of other members of the general public similarly situated,<br><br>                                        Plaintiff,<br><br>v.<br><br>RMJV, LP, an unknown business entity d/b/a Fresh Creative Foods,<br><br>                                        Defendants. | Case No.:  18-cv-02351-BTM (MSB)<br><br>**ORDER GRANTING MOTION TO REMAND, DENYING MOTION TO STRIKE, AND DENYING JOINT MOTION TO CONTINUE HEARING DATE**<br><br>**[ECF Nos. 8, 11, 17, 18]** |

I.      INTRODUCTION

        Pending before the Court is Plaintiff's Motion to Strike Defendant's Answer (ECF No. 8), Plaintiff's Motion to Remand (ECF No. 11), and a Joint Motion to Continue Hearing Date on both of the foregoing motions (ECF No. 17).  For reasons set forth below, the Court GRANTS the unopposed Motion to Remand and REMANDS this action to the San Diego County Superior Court.  The Court DENIES Plaintiff's Motion to Strike and the Joint Motion to Continue Hearing Date as moot. (ECF Nos. 8, 11, 17).

//

## II.    BACKGROUND

On September 7, 2018, Plaintiff filed a putative wage and hour class action lawsuit against Defendant, defining the class as "all current and former California-based . . . hourly-paid and non-exempt employees (either directly or through a staffing agency or labor contractor) employed by Defendant during the period from four years preceding the filing of this Complaint to final judgment." (ECF No. 1-2 "Compl." ¶ 12). The Complaint alleges: (1) unpaid overtime in violation of California Labor Code §§ 510, 1198; (2) unpaid meal period premiums in violation of California Labor Code §§ 226.7, 512(a); (3) unpaid rest period premiums in violation of California Labor Code  226.7; (4) unpaid minimum wages in violation of California Labor Code §§ 1194, 1197; (5) final wages not timely paid in violation of California Labor Code §§ 201, 202; (6) non-compliant wage statements in violation of California Labor Code §§ 201, 202; and (7) unlawful business practices in violation of California Business & Professions Code § 172,00, *et seq.*

Defendant removed the action to federal court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1446, and 1453. Plaintiff moved to remand the controversy to state court, arguing that Defendant failed to proffer sufficient evidence to satisfy CAFA's amount in controversy requirement. (*See* ECF No. 11-1 at 11). On February 22, 2019, Defendant submitted a Notice of Non-Opposition to Plaintiff's Motion to Remand to State Court pursuant to 28 U.S.C. § 1447. (ECF No. 18).

## III.    LEGAL STANDARD

"Federal courts are always under an independent obligation to examine their own jurisdiction," which exists only if authorized by the Constitution or federal statute. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Congress designed the terms of CAFA specifically to permit a defendant to remove certain

class or mass actions into federal court . . . [and] intended CAFA to be interpreted expansively." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citations omitted). Generally, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). However, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (citation omitted).

Under CAFA, federal courts have jurisdiction over any civil action if: (1) the class has more than 100 members; (2) minimal diversity exists between class plaintiffs and defendant(s); and, (3) the controversy exceeds $5 million exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2)(A), (d)(5)(B). The removing defendant "bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." *Ibarra*, 775 F.3d at 1197. To that end, the parties may submit declarations, affidavits, or other "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.* (quoting *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 377 (9th Cir. 1997)). Speculation and conjecture will not suffice; rather, "CAFA's requirements are to be tested by consideration of real evidence . . . using reasonable assumptions underlying the defendant's theory of damages exposure." *Id.* at 1197-98.

## IV. DISCUSSION

Because Defendant's sparse one-line statement of non-opposition gives no reasons for remanding the action, the Court relies on Plaintiff's Motion to Remand to determine whether remand is appropriate. *See Santoyo v. Consolidated Foundries, Inc.*, 16-cv-2232-BRO, 2016 WL 5955851 at *1 n.3 (C.D. Cal. Oct. 13, 2016) ("Though Defendants do not oppose this Motion, the Court is under a continuing duty to determine its own subject matter jurisdiction.

Thus, the Court must determine whether it has subject matter jurisdiction or whether this case should be remanded . . .") (citing *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996)); *Jenkins v. Apple, Inc.*, No. 11-CV-01828-LHK, 2011 WL 2619094, at *2 (N.D. Cal. July 1, 2011) (one sentence statement of non-opposition left court "to consider only Plaintiffs' motion to remand"). Plaintiff does not dispute that the action involves more than 100 employees, or that minimal diversity exists. Plaintiff only argues that Defendant failed to show by a preponderance of the evidence that the amount in controversy exceeds $5 million. The Court agrees.

Defendants estimate that the amount-of-controversy ranges from $6,713,585 to $7,438,275. (ECF No. 1 ¶ 51). In support of removal, Defendant proffered the Declaration of Patricia Duenas Padilla, the Director, Human Resources, and Administration of RMJV, LP, doing business as Fresh Creative Foods. (ECF No. 1-6 "Padilla Decl." ¶1). Padilla's Declaration provides information about employees' average hourly pay, the number of non-exempt employees who worked during the class period, and the approximate number of workweeks those employees worked. (*See* Padilla Decl.) Defendant uses these figures in its calculations. However, after Plaintiff moved to remand, Defendant supplied no other summary-judgment-like evidence to support the figures or calculations in its Notice of Removal, which largely rely on assumptions. For instance, Defendant assumed a 50% violation rate for meals and break-times, i.e., 2.5 missed meal periods and 2.5 missed rest breaks per five-day work week, and assumed one hour of unpaid overtime wages per workweek. (ECF No. 1 ¶ 28, 33). Similarly, Defendant assumed that all shifts worked by class members were eight hours or more, and that every class member was entitled to a meal and rest period for every shift worked. (ECF No. 1 ¶ 32).

The Court finds that these calculations, among others, are premised upon speculations and unverified "average" figures lacking in any factual

underpinnings. Such guesswork does not constitute summary-judgment-like evidence or meet the preponderance of the evidence standard. *See, e.g.*, *Ibarra*, 755 F.3d at 1198-99 ("[A] pattern and practice of doing something does not necessarily mean always doing something."); *Roth v. Comerica Bank*, 799 F.Supp.2d 1107, 1124-25 (C.D. Cal. 2010) (listing cases and remanding because defendants failed to proffer summary-judgment-like evidence to support assumptions); *Sanders v. Old Dominion Freight Line, Inc.*, 16-cv-2837-CAB-NLS, 2017 WL 5973566 at *4 (S.D. Cal. Feb. 2, 2017) (remanding because "without evidence to support this violation rate, the use of a 50% violation rate (or virtually any violation rate for that matter) is completely arbitrary and little more than speculation and conjecture"); *Weston v. Helmerich & Payne Inter. Drilling Co.*, 13-cv-01902-LJO-JLT, 2013 WL 5274283 (E.D. Cal. 2013) (concluding preponderance of the evidence standard was not met where defendant "provide[d] no factual underpinning for the assumption that a meal and rest break violation occurred one time per week or why an overtime violation should be presumed to occur for four hours every week" and remanding despite defendant's reliance on a less than 100% violation rate). In sum, the dearth of summary-judgment-like evidence and abundance of speculation and assumptions, combined with Defendant's notice of non-opposition, leads the Court to conclude that removal jurisdiction has not been established and remand is appropriate.

//
//
//
//
//
//
//

18-cv-02351-BTM (MSB)

## V.    Conclusion

The Court REMANDS this matter to the San Diego County Superior Court. The Court DENIES Plaintiff's Motion to Strike and the Joint Motion to Continue Hearing as moot.

IT IS SO ORDERED.

Dated:  March 13, 2019

Honorable Barry Ted Moskowitz
United States District Judge